UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JEFFREY MONSOUR,

                            **Plaintiff,**

   -against-                                             1:13-CV-0336 (TJM)(CFH)

THE NEW YORK STATE OFFICE FOR
PEOPLE WITH DEVELOPMENTAL
DISABILITIES, JAMES INTRONE, and
CATHY LABARGE,

                            **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

     Plaintiff JEFFREY MONSOUR ("Plaintiff") commenced this action against THE NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES ("OPWDD"), JAMES INTRONE ("Introne"), and CATHY LABARGE ("LaBarge"). Presently before the Court is Plaintiff's motion for leave to file an amended complaint, dkt. # 50. Defendants have responded to the motion.

     Plaintiff filed a Complaint in this matter on March 25, 2013. See dkt. # 1. He thereafter filed an Amended Complaint. See dkt. #s 23, 24. The Amended Complaint asserted claims against OPWDD and LaBarge pursuant to 42 U.S.C. § 1983 (First Amendment retaliation and Due Process claims), state law (breach of contract against OPWDD and LaBarge, defamation against LaBarge ); the federal False Claims Act, 31 U.S.C. § 3730(h) (against LaBarge); and New York's False Claims Act, N.Y. State Fin. Law § 191 (against LaBarge). The Amended Complaint also asserted similar claims

against Defendant Introne. OPWDD and LaBarge moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6). After the parties briefed the motion, the Court issued an order on March 12, 2014 granting the motion in part and denying the motion in part. The Court dismissed with prejudice all claims against OPWDD and all claims against Defendant LeBarge with the exception of Plaintiff's First Amendment retaliation claim. Six months later, on September 12, 2014, Plaintiff filed the instant motion for leave to file an amended complaint.

## II.  BACKGROUND

Plaintiff has been employed by the New York State Office for People with Developmental Disabilities ("OPWDD") for fourteen years. (Am. Compl., dkt. # 24, at ¶ 3.) During that time, Plaintiff has complained about the treatment of individuals with disabilities in OPWDD's care and become an outspoken advocate for the disabled. (Id. ¶¶ 3, 10, 43-53, 57, 59, 63-68, 78.)

In 2009, the Capital District Developmental Disabilities Services Office ("DDSO") issued a Notice of Discipline (a "NOD") to Plaintiff regarding an incident involving a co-worker that took place in front of a OPWDD consumer. (Id. ¶¶ 4, 20, 23.) Plaintiff was also temporarily reassigned as a result of the incident. (Id. ¶ 21.) Plaintiff challenged the charge of misconduct, resulting in arbitration ("NOD Arbitration"). (Id. ¶¶ 4, 24-25.) Defendant Cathy LaBarge, Director of Labor Relations of OPWDD, participated in the NOD Arbitration on behalf of the DDSO. (Id. ¶¶ 19, 25.)

On September 30, 2011, the parties settled the NOD Arbitration, resulting in a stipulated Consent Award. (Id. ¶ 26.) As agreed by the parties, Plaintiff received a letter

of reprimand, which indicated that it would remain in his personnel file for eighteen months, together with the Notice of Discipline, the Consent Award and Plaintiff's rebuttal letter. (Id. ¶ 27.)

Thereafter, Plaintiff requested a copy of his personnel file. In it he found only the NOD with an e-mail attached, dated October 12, 2011, from Defendant LaBarge to certain OPWDD and DDSO employees (the "LaBarge Memo"). According to Plaintiff, the LaBarge Memo contained falsehoods, including claims that Plaintiff was guilty of abuse although he had never been charged with abuse. (Id. ¶¶ 33-34). Plaintiff contends that as a result of the LaBarge Memo and the failure to have the Consent Award and Plaintiff's rebuttal letter in his personnel file, he has been denied promotions and other positions for which he was the most qualified applicant. (Id. ¶¶ 40-41, 75, 87, 100, 120, 125). Plaintiff's Amended Complaint also asserted that LaBarge "retaliated" against him for "whistleblowing activities" by failing to eliminate hostility at OPWDD, constitutively discharging him, making false allegations against him, and failing to promote him. (Id. ¶¶ 74, 75, 77, 93, 120, 125).

In the Court's decision of March 12, 2014, the Court considered whether Plaintiff stated claims against OPWDD, Introne and LaBarge. The Court concluded that the Plaintiff's claims against OPWDD were barred by the Eleventh Amendment. See dkt. # 35 at 8-9. The Court rejected Plaintiff's argument that sovereign immunity did not apply because Plaintiff sought enforcement of a consent decree and because Defendants had waived immunity. Id. at 9. The Court concluded that "[e]nforcement of the disciplinary Consent Award implicates state law despite Plaintiff's contention that the failure to comply with its terms also causes a constitutional violation, and state law

3

provides the avenue for enforcement of the Consent Award." Id. at 9. In considering Plaintiff's claims against LaBarge, the Court dismissed with prejudice due process claims based on constructive discharge and denial of promotion theories. Id. at 17-18. The Court also dismissed with prejudice state-law claims against LaBarge for breach of contract and defamation. Id. at 19-20. Finally, the Court found that Plaintiff's retaliation claims under the federal and New York state false claims acts should be dismissed with prejudice. Id. at 24. The Court's opinion did not grant leave to Plaintiff to file another amended complaint that would cure the deficiencies in his pleading.

Plaintiff's proposed Second Amended Complaint contains new facts and raises a number of state and federal claims. The proposed Second Amended Complaint also seeks to raise claims against a party dismissed from the action with prejudice, the OPWDD. The proposed Second Amended Complaint alters the Amended Complaint by eliminating references to James Introne, whose motion to dismiss was granted in its entirety, with prejudice. See Proposed Second Amended Complaint, exh. 2 to Plaintiff's motion, dkt. # 50-2. The proposed Second Amended Complaint also alleges facts concerning retaliation which allegedly occurred after the Plaintiff filed his original Complaint. Plaintiff also claims to seek "injunctive relief" as well as compensatory and punitive damages. (Id. at ¶ 7). Plaintiff contends that "[s]ince filing the complaint, Defendants have continued their campaign agianst Monsour, culminating in putting him on indefinite administrative leave absent any reason whatsoever." (Id. at ¶ 6). Such indefinite leave has prevented Plaintiff from being able "to bid for positions or seek promotion and stigmatizes him in the mental health profession." (Id. at ¶ 8). Plaintiff contends that the retaliation is the result of his "whistleblowing actions and advocacy on

4

behalf of disabled individuals[.]" (Id. at ¶ 92).  Despite these adverse actions, Plaintiff has continued his whistleblowing concerning conditions at OPWDD facilities, "press[ing] OPWDD to test" facilities it manages "for the presence of radon gas."  (Id. at ¶ 45).  Plaintiff has also reported abuses of residents in the facility to which he was transferred after he filed his initial Complaint. (Id. at ¶¶ 69-73).  After Plaintiff filed and won grievance over his transfer to this new facility, OPWDD allegedly manipulated a resident into making false allegations against Plaintiff as a means of preventing his transfer back to his previous job posting. (Id. at ¶¶ 74-75). OPWDD allegedly offered a resident a puppy to falsely claim that Plaintiff had struck him. (Id. at ¶ 75).

The proposed Second Amended Complaint contains six counts.  Count One is the 42 U.S.C. § 1983 First Amendment retaliation claim against Defendant LaBarge that was the only claim remaining in Plaintiff's first Amended Complaint after the Court's decision of March 12, 2014.  Count Two, raised against Defendants LaBarge and OPWDD, is a Due Process claim, also brought pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants, by placing him on indefinite unpaid administrative leave, "caused a constructive discharge" and "wrongfully prevented Plaintiff from obtaining promotions to which he was entitled[.]" (Id. at ¶ 103).  Count Three is a breach-of-contract claim against both Defendants.  This claim is virtually identical to the claim the Court previously dismissed with prejudice, except that Plaintiff alleges that the breach was of the parties' "contract," rather than their settlement agreement. (Id. at ¶ 106).

The acts that constituted the breach remain the same, however. (Id. at ¶¶ 107-108).[1] Count Four is a claim of "discrimination" under Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. (Id. at ¶ 116). Plaintiff alleges that Defendants engaged in "numerous discriminatory acts" because "he associated and advocated for individuals with disabilities." (Id. at ¶ 114). Plaintiff contends that his action of "whistleblowing on Defendants' violations of the rights of individuals with disabilities" and "Defendants' failure to engage in any corrective actions after Plaintiff alerted Defendants of their violations" form the factual basis for this claim. (Id. at ¶ 114). Count Five is a claim of retaliation under the Americans with Disabilities Act ("ADA"). Plaintiff contends that he complained about Defendants' failure to accommodate persons with disabilities and that Defendants retaliated against him by denying him employment opportunities and promotions. (Id. at ¶¶ 120-122). Finally, Count Six alleges that Defendants wrongfully discriminated against Plaintiff because of his status as an advocate for individuals with disabilities and as a whistleblower, all in violation of New York's Human Rights Law Executive Law, Section 296 ("NYSHRL"). (Id. at ¶ 126).

After the parties briefed the instant motion for leave to file a second amended complaint, Plaintiff wrote the Court in reference to a decision issued by Magistrate Judge Christian F. Hummel on September 30, 2014 in a related case, Jane A. Taylor v. New York State Office for People with Developmental Disabilities, No. 13cv740. See Dkt. # 53. Magistrate Judge Hummell's decision notes that the proposed Amended

---

[1] The only other alteration comes in paragraph 111. In that paragraph, Plaintiff alleges that he "lost two promotions for which he was the top qualifying specialist" as a result of Defendants' conduct. (Id. at ¶ 111). In the Amended Complaint, Plaintiff had alleged this fact "upon information and belief." (Id.). In the Second Amended Complaint, he has stricken that qualifying phrase. (Id.).

Complaint in the Taylor case sought to add claims under the ADA, the Rehabilitation Act, and the NYSHRL, and that the proposed Amended Complaint also sought to add claims that had already been dismissed from the case.  See Decision and Order, Exh. to dkt. # 53, at 3.  Magistrate Judge Hummel found that the motion to amend should be granted in part and denied in part.  Id. at 20.  The Magistrate Judge permitted amendment to include claims under the Rehabilitation Act against OPWDD and individual liability claims against supervisors under the NYSHRL for aiding and abetting pursuant to N.Y. Exec. Law § 296.6.  The Magistrate Judge denied the motion to amend with respect to any claims against OPWDD under the ADA, any Rehabilitation Act claims against the individual defendants, and NYSHRL claims of discrimination and retaliation against OPWDD and the individual defendants in their official capacities.  Id.  The decision and order also dismissed any claims brought in the Amended Complaint that had previously been dismissed pursuant to § 1983, state law, and Monell.  Id.  Plaintiff's letter to the Court indicates that Plaintiff "respectfully requests to be allowed to modify his motion for leave to amend . . . to comport with the Court's Decision & Order dated September 30, 2014" in the Taylor case.  See dkt. # 53.  Plaintiff proposes that his proposed Second Amended Complaint should be "modified" to eliminate "claims similar to those dismissed in the Decision & Order, and only amended . . . to include those claims similar to those allowed in the Decision & Order."  Id.

Defendants respond by pointing out that Plaintiff has conceded that amendment to add a number of claims would be futile.  These claims are:  (i) retaliation under the ADA against LaBarge or the OPWDD; (ii) retaliation under the Rehabilitation Act against LaBarge; (iii) retaliation under the NYSHRL against OPWDD; (iv) constructive

7

discharge under the Fifth Amendment against LaBarge or OPWDD; and (v) breach of contract agianst LaBarge or OPWDD. Defendant argues, however, that even Plaintiff's modified motion should be denied because Plaintiff has not included a copy of his proposed modified Second Amended Complaint.

### III. ANALYSIS

Plaintiff seeks leave to file an Amended Complaint. The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)). Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)). Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). Defendants contend here that amendment would be futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).[2]

---

[2]Plaintiff cites to New York State law in arguing for leave to amend. Such standards are immaterial to the question before the Court. "'Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.'" Com/Tech Commun. Techs. v. Wireless Data Sys., 163 F.3d 149, 150 (2d Cir. 1998) (quoting Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996)). Classifying a rule as substantive or procedural is sometimes a subtle undertaking . . . But where the matter in

The Court has examined the proposed Second Amended Complaint, as well as the decision by Magistrate Judge Hummel that evaluated a number of similar claims in a related case. The Court has also independently evaluated the legal and factual issues raised by the instant motion.  Given the procedural occurrences in this case and the Court's reading of the law, the Court will grant the motion for leave to amend in part and deny the motion in part.

The Plaintiff apparently concedes that the claims in the <u>Taylor</u> case and the instant matter can be evaluated by the same legal standard and share an analogous factual basis.  The Plaintiff therefore concedes that a number of the claims in the proposed Second Amended Complaint would be futile. Because of Plaintiff's concession, the motion for leave to amend will be denied with respect to the following claims in Plaintiff's proposed Second Amended Complaint:

    (a) Count Two: 42 U.S.C. § 1983 Claim for Violation of Plaintiff's Fifth Amendment Rights;

    (b) Count Three: state law breach-of-contract claim;

    (c) Count Four: claims under Section 504 of the Rehabilitation Act against Defendant LaBarge;

    (d) Count Five: all claims for retaliation under the ADA against LaBarge and OPWDD;

    (c) Count Six: any claims against OPWDD under the NYSHRL, New York

---

question is one covered by the Federal Rules of Civil Procedure, 'it is well settled that . . . the Federal Rule applies regardless of contrary state law.'" <u>Id.</u> at 150-51 (quoting <u>Gasperini</u>, 518 U.S. at 427 n.7).

State Executive Law § 290, et seq.

After evaluating the parties' moving papers, the Proposed Amended Complaint, and the relevant case law, the Court concludes that the motion for leave to amend should be granted with respect to Plaintiff's propsed additional claims against OPWDD under the Rehabilitation Act and against Defendant LaBarge under the NYSHRL. The Court does so for substantially the reasons stated in Magistrate Judge Hummell's well-considered opinion. The Court also rejects the Defendant's argument that the motion should be denied because Plaintiff failed to file a proposed amended Complaint before seeking to "modify" his claims. The claims that Plaintiff seeks to add are stated in the proposed Second Amended Complaint previously filed with the Court. No prejudice is alleged by the Defendant by this failure to file an additional proposed Second Amended Complaint, and no prejudice could be found therefrom.

## IV.   CONCLUSION

For the reasons stated above, the Plaintiff's motion for leave to amend is hereby GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Plaintiff's claims against OPWDD pursuant to the Rehabilitation Act and against Defendant LaBarge pursuant to the NYSHRL. The motion is denied with respect to Plaintiff's Section 1983 claims against all Defendants, Plaintiff's state-law breach-of-contract claims, Plaintiff's Rehabilitation Act claims against LaBarge, Plaintiff's ADA retaliation claims, and Plaintiff's NYSHRL claims against OPWDD.

In light of the Court's opinion, Plaintiff is hereby ORDERED to file an Amended Complaint containing the claims permitted by the Court's order within ten days of the date of this order. Plaintiff shall add no additional claims against any parties and shall

not attempt to reinstate any claims dismissed by this Order or by any previous Order of the Court.

*Thomas J. McAvoy*
Senior United States District Judge

Dated: October 17, 2014.