**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

**JEFFREY MONSOUR,**

                              **Plaintiff,**              1:13-CV-0336 (BKS/CFH)

**v.**

**THE NEW YORK STATE OFFICE FOR**
**PEOPLE WITH DEVELOPMENTAL**
**DISABILITIES, and CATHY LABARGE, in**
**her individual capacity,**

                              **Defendants.**

───────────────────────────────

**Hon. Brenda K. Sannes, United States District Judge:**

**JURY INSTRUCTIONS**

# Table of Contents

I.   INTRODUCTION ................................................................................................ 1

    A.  Role of the Court........................................................................................ 1
    B.  Role of the Jury ......................................................................................... 2
    C.  Role of the Attorneys ................................................................................ 3

II.  NATURE OF EVIDENCE ................................................................................ 4

    A.  Testimony and Exhibits ............................................................................ 4
    B.  Direct and Circumstantial Evidence ......................................................... 5
    C.  Reasonable Inferences ............................................................................... 7

III. EVALUATION OF EVIDENCE ...................................................................... 8

    A.  Credibility of Witnesses............................................................................ 8
    B.  Discrepancies in Testimony ...................................................................... 9
    C.  Impeachment by Prior Inconsistent Statements ...................................... 10
    D.  Depositions ............................................................................................. 11
    E.  All Available Evidence Need Not Be Produced ...................................... 11

IV.  BURDEN OF PROOF .................................................................................... 12

    A.  Preponderance of Evidence ..................................................................... 12

V.   SUBSTANTIVE LAW .................................................................................... 13

    A.  Introduction............................................................................................. 13
    B.  Section 1983 Cause of Action ................................................................. 14

        1.  The Statute – 42 U.S.C. § 1983 ....................................................... 14
        2.  Elements of a Section 1983 Cause of Action.................................... 14
        3.  Third Element: Proximate Cause ...................................................... 19

    C.  Rehabilitation Act Cause of Action ......................................................... 19

        1.  The Statute – Section 504 of the Rehabilitation Act......................... 19
        2.  Elements of a Section 504 Retaliation Claim ................................... 20

VI.  DAMAGES ..................................................................................................... 24

    A.  General Instructions ................................................................................ 24
    B.  Compensatory Damages .......................................................................... 25

C.  Nominal Damages .................................................................................................. 25

D.  Punitive Damages ................................................................................................. 26

VII.  General Rules Governing Deliberations and Verdict ........................................................ 27

## I.    INTRODUCTION

Ladies and gentlemen, on behalf of the court, the attorneys, and the parties, we all thank you for serving as jurors in this case.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

### A.    Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

### B.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact, evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is

2

evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Plaintiff has proven his case. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

### C.    Role of the Attorneys

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## II.    NATURE OF EVIDENCE

### A.    Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations entered into by the parties.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

4

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## B.    Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## C.    Reasonable Inferences

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

7

## III.    EVALUATION OF EVIDENCE

### A.    Credibility of Witnesses

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## B. Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's

testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

### C.    Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small

detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### D.    Depositions

The attorneys have referred to depositions.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.

### E.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## IV.    BURDEN OF PROOF

### A.    Preponderance of Evidence

As Plaintiff in this action, Mr. Monsour must establish by a preponderance of the credible evidence that his claims, and the elements that comprise his claims, are true.  If you conclude that he has failed to establish his claims by a preponderance of the evidence, you must decide against him on the claims.

What does a "preponderance of the evidence" mean?  To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of

proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V.    SUBSTANTIVE LAW

### A.    Introduction

Plaintiff, Mr. Monsour, claims that Defendant Cathy LaBarge retaliated against him for exercising his First Amendment right to freedom of speech in connection with the March 13, 2011 *New York Times* article. Further, Plaintiff claims that Defendant New York State Office for People with Developmental Disabilities ("OPWDD") retaliated against him for complaining about disability discrimination at OPWDD group homes in violation of Section 504 of the Rehabilitation Act 1973.

From these facts as alleged, Plaintiff brings two causes of action against Defendants—one cause of action against Defendant LaBarge and one cause of action against Defendant OPWDD. A cause of action is a legal theory by which a

plaintiff asserts that, if the facts are as he claims them to be, a defendant is liable to him under the law.

**B.     Section 1983 Cause of Action**

### 1.  The Statute – 42 U.S.C. § 1983

Plaintiff brings his cause of action against Defendant LaBarge under federal civil rights law, Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.  Section 1983, as it applies to this case, states:

> Every person who, under color of any statute, ordinance,
>
> regulation, custom or usage of any state . . . subjects or
>
> causes to be subjected, any citizen of the United States . .
>
> . to the deprivation of any rights, privileges or immunities
>
> secured by the Constitution and laws, shall be liable to
>
> the party injured in an action at law.

I will refer to this statute simply as "Section 1983."

### 2.  Elements of a Section 1983 Cause of Action

I will now instruct you regarding the elements of a Section 1983 cause of action.  Before we begin, however, bear in mind that I will be charging you on the legal elements of proving a Section 1983 cause of action, and on the legal elements

14

of proving the underlying First Amendment retaliation claim.  As I just indicated, Section 1983 is a statute which allows a citizen to sue for an asserted deprivation of a federally protected right.  Here, Plaintiff asserts that his First Amendment constitutional right to free speech was violated.  Thus, Plaintiff's First Amendment retaliation claim is brought under Section 1983.

To establish a cause of action under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements:

First, that the conduct complained of was committed by the defendant while acting under color of state law;

Second, that the defendant's conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I will now examine each of the three elements in greater detail.  As I said earlier, I will explain the three elements of the Section 1983 cause of action, and then will explain the second element in more detail.

15

### a.    First Element: Acting Under Color of State Law

In this case, there is no dispute that Defendant LaBarge was acting under color of state law.  Thus, the first element of Plaintiff's Section 1983 cause of action has been satisfied, and you need not be concerned with it.

### b.    Second Element: Deprivation of Constitutional Right

The second element of Plaintiff's cause of action is that Defendant LaBarge, in committing the acts complained of, intentionally deprived Plaintiff of a federal right.  In order for Plaintiff to establish this second element, he must show that those acts that you have found that Defendant LaBarge took under color of state law caused Plaintiff to suffer the loss of a federal right, and that Defendant LaBarge performed these acts intentionally, rather than accidentally.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

In order to determine whether the second element of a Section 1983 cause of action has been fulfilled, you must decide whether a constitutional right has in fact been deprived.  In order for you to make this determination, I must instruct you as to the elements of Plaintiff's First Amendment retaliation claim.

16

### i.    First Amendment Retaliation Claim

Plaintiff asserts a First Amendment retaliation claim based on Defendant LaBarge's alleged retaliation against him for speaking to the *New York Times* about his concerns regarding OPWDD's operation of its group homes.  Plaintiff must establish the following elements:

> First, that the plaintiff's act of speech was protected by the First Amendment;

> Second, that, following the plaintiff's act of speech, the defendant took adverse action against him; and

> Third, that the act of speech was a motivating factor in the defendant's decision to take adverse action against the plaintiff.

### (1)   Protected by the First Amendment

To establish the first element of his claim, Plaintiff must prove that his speech was protected by the First Amendment.  This is a question for me to decide.  Plaintiff's communications to the *New York Times* regarding his concerns about OPWDD's operation of its group homes are protected by the First Amendment.

### (2)   Adverse Action

The second element that Plaintiff must prove is that he suffered an adverse action.  In this case, Plaintiff claims as adverse actions: (1) Defendant LaBarge's

October 13, 2011 email (Plaintiff's Exhibit 176); (2) the placement of that email in his personal history file; and (3) the failure to include his rebuttal letter (Plaintiff's Exhibit 181) in his personal history file.  You must determine whether Defendant LaBarge took any such action, and whether any such action is an adverse action. An "adverse action" is one that would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights.  An adverse action, however, does not include acts that are merely de minimis.

### (3)  Causation

The third element of Plaintiff's claim is that his protected speech was a motivating factor in Defendant LaBarge's decision to take adverse action.  It was a motivating factor if that speech played a substantial or important part in the decision.  But if one of those reasons was Plaintiff's speech, and if that reason played a substantial part in Defendant LaBarge's decision to take action against Plaintiff, then Plaintiff has satisfied the third element of his First Amendment retaliation claim.

### ii.    Defense to First Amendment Retaliation Claim

Even if Plaintiff has proved that his speech was a motivating factor in Defendant LaBarge's decision to take adverse action against him, Defendant LaBarge can still escape liability if she can prove, by a preponderance of the

evidence, that she would have made the same decision even if Plaintiff's speech had never occurred.

### 3.  Third Element: Proximate Cause

The third element which Plaintiff must prove to establish his Section 1983 cause of action is that Defendant LaBarge's actions were a proximate cause of injuries sustained by Plaintiff.  An action is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's actions.

### C.    Rehabilitation Act Cause of Action

In his second cause of action Plaintiff claims that OPWDD retaliated against him for engaging in conduct that was protected under Section 504 of the Rehabilitation Act of 1973.  I will refer to this statute simply as "Section 504."

### 1.  The Statute – Section 504 of the Rehabilitation Act

Section 504, as it applies to this case, states:

> No otherwise qualified individual with a disability in the
> United States . . . shall, solely by reason of her or his
> disability, be excluded from the participation in, be
> denied the benefits of, or be subjected to discrimination
> under any program or activity receiving Federal financial

assistance or under any program or activity conducted by

any Executive agency . . . .

Plaintiff is asserting a retaliation claim under Section 504—his claim is that Defendant OPWDD retaliated against him because he complained about alleged discrimination against disabled individuals at group homes operated by OPWDD. In this case, there is no dispute that Defendant OPWDD received federal funding.

I will now describe the elements of a Section 504 retaliation claim.

## 2.  Elements of a Section 504 Retaliation Claim

To establish a retaliation claim under Section 504, a plaintiff must establish the following elements:

First, that the plaintiff engaged in protected activity;

Second, that OPWDD knew that the plaintiff was involved in protected activity;

Third, that OPWDD took an adverse action against the plaintiff; and

Fourth, that a causal connection exists between the protected activity and the adverse action.

### a.    Protected Activity

The first element that Plaintiff must prove is that he engaged in an activity protected by the Rehabilitation Act.

A protected activity refers to action that is taken to protest or oppose statutorily prohibited discrimination.

Plaintiff claims that he engaged in protected activities when he complained about the following two matters: (1) OPWDD's allegedly improper fire drills and falsified fire drill reports; and (2) OPWDD's alleged mistreatment of a disabled individual identified as MAG.

### i.    Discrimination Based on Disability

I will now explain what constitutes statutorily-prohibited disability discrimination.  To constitute discrimination under Section 504, the complained-of conduct must exclude, deny benefits, or discriminate solely by reason of disability.

Discrimination can include treating disabled individuals differently because they are disabled, or not giving disabled individuals the reasonable accommodations they need to access public benefits to which they are entitled.

Plaintiff need not establish that Defendant OPWDD did in fact discriminate against disabled individuals based on their disability.  What Plaintiff must establish is that, when he complained about the operation of OPWDD group homes and

treatment of disabled residents, he had a good faith, reasonable belief that Defendant OPWDD was discriminating on the basis of disability.

## ii.    Good Faith, Reasonable Belief

A good faith belief is a subjectively and actually held belief.  To show a good faith belief, Plaintiff must show that he honestly believed that Defendant OPWDD discriminated against disabled individuals because of their disability.

A reasonable belief is a belief that is objectively reasonable in light of the circumstances.  To show a reasonable belief, Plaintiff must show that a reasonable person similarly situated would, under the circumstances, believe that Defendant OPWDD discriminated against disabled individuals because of their disability.

Again, Plaintiff does not have to prove that Defendant OPWDD actually discriminated against disabled individuals because of their disability.  But he must prove that he had a good faith, reasonable belief that Defendant OPWDD did so.

## b.    Adverse Action

The third element that Plaintiff must prove is Defendant OPWDD took adverse action against Plaintiff.

To establish an adverse action, Plaintiff must show that the action was harmful to the point that it could dissuade a reasonable worker from making or supporting a charge of discrimination.

An adverse action is not a trivial harm. Petty slights or minor annoyances are not adverse actions.

Plaintiff has alleged the following adverse actions: (1) the denial on May 13, 2011 of a position at the Glens Falls Individualized Residential Alternative ("IRA"); (2) his placement on administrative leave in July 2011 after being accused of striking a resident of the Stony Creek IRA; (3) Defendant LaBarge's October 13, 2011 email (Plaintiff's Exhibit 176); (4) the placement of that email in his personal history file; (5) the failure to include his rebuttal letter (Plaintiff's Exhibit 181) in his personal history file; (6) the denial on January 4, 2013 of a position at the Stony Creek IRA; (7) the denial on March 13, 2013 of a position at the Gillis Road IRA; (8) the perineal care training he received on September 12, 2013; (9) the denial in April 2014 of a direct support assistant position at the Stony Creek IRA; and (10) his placement on administrative leave on April 29, 2014.

### c.    Causation

The fourth element that Plaintiff must establish is that the alleged adverse action was caused by the protected activity in which Plaintiff claimed to have engaged.

You need not find that the only reason for an adverse action was Plaintiff's protected activity. But you must find that the alleged adverse action would not have occurred in the absence of—but for—Plaintiff's protected activity. In other

words, Defendant must have taken the adverse action because of an intent to retaliate against Plaintiff for complaining about discrimination against disabled individuals.

## VI.    DAMAGES

I will now instruct you on the law of damages as they relate to Plaintiff's claims.  I caution you, however, my doing so does not mean that I have any opinion on whether or not Plaintiff has satisfied his burden of proof and that Defendant is liable.  Only if you find that Plaintiff proved one or more of his claims against Defendant should you consider damages.

### A.    General Instructions

I have one more cautionary instruction before I define the types of damages you may award, if you find that Plaintiff has proved liability according to the standards I have enumerated.

You should not award compensatory damages more than once for the same injury.  For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Broadly speaking, there are three kinds of damages you may consider: compensatory damages, nominal damages, and punitive damages. I will begin with compensatory damages.

### B.    Compensatory Damages

If Plaintiff has proved one or more of his claims, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of a defendant's actions.

You shall award damages only for those injuries that you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Plaintiff—you must award damages only for those injuries that are a proximate result of conduct by Defendants that violated federal law. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

### C.    Nominal Damages

If you return a verdict for Plaintiff, but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

25

### D.    Punitive Damages

Whether or not you award Plaintiff actual damages, if you find Defendant LaBarge responsible for violating Plaintiff's First Amendment rights, you may also, in your discretion, make an award of punitive damages against her.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award Plaintiff punitive damages if you find that the acts or omissions of Defendant LaBarge were done maliciously or wantonly.  An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done with a reckless or callous disregard for the rights of the injured person.  Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendant LaBarge acted maliciously or wantonly with regard to Plaintiff's rights.

If you find by a preponderance of the evidence that Defendant LaBarge acted with malicious intent to violate Plaintiff's federal rights or unlawfully injure him, or if you find that Defendant LaBarge acted with a callous or reckless disregard of Plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal

requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent Defendant LaBarge from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Defendant LaBarge may have committed. If you find that punitive damages should be awarded against Defendant LaBarge, there will be a separate hearing to consider the amount of punitive damages.

## VII. General Rules Governing Deliberations and Verdict

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes,

you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing peculiarly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you, or my instructions further explained.  I caution you, however, that the read-back of testimony may take some time and effort.  You should, therefore make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing.  The foreperson should sign the note and pass it on to the Court Security Officer who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom.  In any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, or Snapchat to communicate

29

to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you.  After you select a foreperson, you should review them.  Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached.  There may be a few additional questions that we will need to submit to you.

**END OF CHARGE**